IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

PRISCILLA FORD, :
:
   Plaintiff, :
:
vs. : Civil Action No.
: **3:07-CV-61 (CDL)**
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
   Defendant. :
_____

**RECOMMENDATION**

   The plaintiff herein filed an application for disability insurance benefits on July 31, 2003. The Social Security Administration denied the claim initially and on reconsideration, and plaintiff requested a hearing before an Administrative Law Judge, which was held on August 15, 2006. The ALJ then entered an order denying plaintiff's claim on August 31, 2006. Plaintiff sought review of that decision before the Social Security Appeals Council. On April 23, 2007, the Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

DISCUSSION

   In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if

supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an

impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairment of degenerative disease of the lumbar spine, but that she retained the residual functional capacity to perform a reduced range of light work with restrictions to occasional climbing, balancing, stooping, kneeling, crouching, or crawling, which includes her past relevant work as a seamer operator.

*Treating Physicians*

Plaintiff argues the ALJ should have given controlling weight to the reports completed by two of her treating physicians, Dr. Southerland and Dr. Wimpey.

The Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.  See  Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).  Where the medical evidence does not conclusively counter the treating physician's opinion, and no other good cause is presented, the treating physician's opinion cannot be discounted.  Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).  Moreover, the ALJ cannot substitute his opinion for that of a medical expert. Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).

However, a treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive; the ALJ must make a disability determination based upon the medical findings and other evidence.  Bell v. Bowen, 796 F.2d 1350 (11th Cir. 1990).  While such opinions must not

3

be disregarded, they can never be entitled to controlling weight or given special significance. They must be evaluated in light of the applicable factors in 20 C.F.R. § 404.1527(d), 416.927(d), including the degree to which the opinion provides supporting explanations and are consistent with the record when viewed as a whole.

The Commissioner points out the Dr. Southerland submitted a form with certain items checked off, and asserts that such form opinions are not necessarily entitled to great weight, as found by the Eleventh Circuit. See Spencer o/b/o Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)(rejecting an opinion from a physician who merely checked boxes on a form without providing any explanation of his conclusions).

Specifically, Dr. Southerland reported that plaintiff was unable to stand for long periods and she had limited ability to bend, stoop, or lift (Tr. 23, 130-39). Dr. Southerland's treatment notes, however, do not indicate plaintiff's functional limitations were any greater than that. The ALJ stated that Dr. Southerland offered no clinical findings to support his assessment that plaintiff was disabled, such as a decreased range of motion, decreased strength or any objective evidence. (Tr. 23).

The undersigned is not permitted to re-weigh the evidence. It therefore appears that the ALJ's decision to discount Dr. Southerland's opinion was based upon substantial evidence.

Plaintiff asserts that the failure of the ALJ to address the medical reports of Dr. Wimpey at all in the decision was reversible error. The Commissioner states that Dr. Wimpey should not be considered to be a treating source, as Dr. Wimpey saw plaintiff only three occasions between February 2003 and October 2003, less than a year's duration (Tr. 152-53, 157-60). In the alternative, the Commissioner states that the failure to address these records specifically

4

amounted to harmless error, as Dr. Wimpey's findings are not contrary to the ALJ's conclusion.

The undersigned finds that Dr. Wimpey was a treating source, and his opinion should have been considered. However, it appears that this failure on the part of the ALJ was harmless error. According to his reports, Dr. Wimpey referred plaintiff to a pain management clinic and to Dr. Southerland, for treatment (Tr. 156). Dr. Wimpey found that plaintiff was totally disabled between February 2003 and May 2003, and was capable of only sedentary work from then on. (R. at 180-1) Dr. Wimpey based his opinion on objective findings, including MRI results showing that plaintiff suffers from disc bulging at three points in the spine. (R. at 158).

However, Dr. Wimpey's reports do not indicate plaintiff has specific functional limitations that would preclude her from working as a seamer. Dr. Wimpey indicated plaintiff needed to stay off work for three months in February 2003 and needed to avoid prolonged standing (Tr. 158). According to the VE, plaintiff's past work as a seamer did not require prolonged standing - the VE reported that this work was done sitting down (Tr. 44). Therefore, Dr. Wimpey's reports do not contradict the conclusions of the ALJ; whether the ALJ characterized Dr. Wimpey as a treating source or not is harmless error. See Diorio v. Heckler, 721 F.2d 726 (11th Cir. 1983) (the court found that an ALJ's mischaracterization of claimant's past work was harmless error when the mistake did not affect the ultimate outcome of the disability determination); see also Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989) (procedural perfection in the administrative proceedings is not required and the court will not vacate a judgment unless substantial rights of a party have been affected); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988); Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988).

***The Grids***

Also testifying at the hearing was a vocational expert ("VE"), Dr. John Blakemon. The VE stated that plaintiff has past relevant work as a winder and as a seamer. He stated that these jobs were both unskilled, that the winder job required medium exertion and the seamer job required light exertion. (Tr. at 44) The ALJ then presented the VE with a hypothetical question involving some postural limitations. The VE responded that such an individual could perform the job as a seamer. (Tr. at 44) The ALJ then clarified that if an individual could perform light work with those postural limitations, she could indeed do the seamer job. The VE confirmed that such an individual could perform that work as it is usually done, thought not as plaintiff performed it. (Tr. at 45).

Plaintiff argues that if she is limited to sedentary work, as was found by her physicians, and due to her age, the Medical Vocation Guidelines would demand that she at least be found disabled.

However, in light of the fact that the undersigned has concluded that the ALJ's decision to discount Dr. Southerland's opinion was based upon substantial evidence, and that the failure to discuss the opinion of Dr. Wimpey was harmless error, this enumeration of error must fail as well. The ALJ used a vocational expert to testify that a person with plaintiff's limitations would still be able to perform her past relevant work as a seamer operator.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 16th day of July, 2008.


                                                          //S Richard L. Hodge
                                                          RICHARD L. HODGE
msd                                                          UNITED STATES MAGISTRATE JUDGE